EXCELSIOR STEEL FURNACE CO. v. L. J. MUELLER FURNACE CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1920.)

No. 2733.

PATENTS ☞328—FOR HOT AIR CONDUIT NOT INFRINGED.

The Scherer patent, No. 1,085,303, for a double wall hot air conduit, being for an improvement of narrow scope, *held* not infringed.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit in equity by the Excelsior Steel Furnace Company against the L. J. Mueller Furnace Company. Decree for defendant, and complainant appeals. Affirmed.

Benjamin T. Roodhouse, of Chicago, Ill., for appellant.

Arthur L. Marsell, for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. The patent to Albert G. Scherer, No. 1,085,303, under consideration on this appeal, "relates to improvements in a double wall hot air conveyor or stack." The general purpose and the means by which the object was to be accomplished are thus described by patentee:

"In such stack the two walls are kept separate, so as to form an air space between the inner wall, inside of which the hot air from the furnace passes, and the outer wall, which contacts with portions of the building, * * * for the purpose of keeping the outside wall as cool as possible. Double wall stack requires special machinery for its manufacture, and for that reason it is made in the factory in sections. * * * The objects of my present invention are, first, the provision or means in such double wall stack for securely locking the respective sections together, and, second, the improvement of the structure so that it is both stronger and simpler to manufacture than heretofore."

As double wall hot air conveyors were old, patentee acknowledged his contribution was but an improvement. Likewise, general means for locking sections were old, and the improvement, at best, marked but a slight advance. It must be so considered.

Claim 3 is the only one involved and reads:

"3. A length of double wall hot air conduit, comprising an inner and an outer wall, at one end a spacer between the inner and outer walls, the inner surface of the inner wall having a channel of angular cross-section, and a shoulder back of said channel; at the other end, the outer wall *having formed therein a shoulder and an angular depression to receive respectively the outer and inner walls of an adjacent section,* the said outer wall being further formed to enter the inner wall of said adjacent section, with a projection to enter the channel, in such inner wall."

While appellee attacks the validity of the patent, both for want of invention and because of prior publication, as well as prior public use, it is unnecessary, in our view of the case, to consider any defense other than that of noninfringement. It is claimed by appellee that the alleged infringing structure does not possess the element in the claim that is italicized.

That this is a combination claim, and each element, or its equivalent, must appear in the infringing structure, is, of course, not questioned. Our examination of the exhibits, the models, as well as the evidence which describes appellee's structure, convinces us at once that the element referred to is missing in appellee's structure.

Appellant seeks to read onto appellee's structure this necessary element by calling the so-called channel of angular cross-section on the inner surface of the inner wall *5*, the "shoulder *8, 9,* and an angular depression *11, 12,* to receive respectively the outer and inner walls of the adjacent section." In doing this, appellant fails to appreciate the

significance and the limitations of combination claims.  In other words, he is asserting that a combination claim with five elements is infringed by a combination product of four elements, one of which does the work and therefore constitutes the mechanical equivalent of two separate elements in the former combination.  Of course, this contention must be rejected, and the case could well be disposed of without further discussion.

But an added reason for distinguishing the two structures is apparent.  Patentee's specifications provide the outer wall with "a shoulder and an angular depression to receive respectively the outer and inner walls of the adjacent section."  The specifications are supported by the drawings.  Referring to the drawing, patentee says:

"Numeral *1* designates the inner wall of a double wall hot air conduit, and *2* the outer wall thereof. *By giving the wall 2 between the points 11 and 12 the angular directions, as clearly seen in Figs. 2 and 3, means are provided for directing the inner wall of the adjacent section a against the projection 13 so as to cause the projection to enter the depression 5 and to maintain it in that position after the parts are assembled.*"

Figures 2 and 3, herewith reproduced, well illustrate the structure patentee had in mind.

In appellee's structure, the downwardly and inwardly sloping walls for guiding and forcing the inner walls inwardly into locking engagement with the outer walls of the outer section are absent. Nor can infringement appear in a combination with this element lacking. Having specifically provided the means whereby the sections may be locked, and sealed so to speak, appellant cannot eliminate the element by which his sealing is accomplished.

Without extending the discussion further, we adopt the language of the District Judge, who in disposing of the case said:

"When, therefore, it appears that Scherer gave both of these elements of his construction, not only an apparent, but a real, relation of indispensability; when, in other words, he sought to bring about, not only mere engagement, but an actual locking, of his section—he cannot have a scope to his claims which will comprehend structures from which one or the other element is eliminated, and, through such elimination, recur to the ordinary prior art structures, showing engagement by latching, but not positive locking."

The decree is affirmed.